[No. 25528.  Department One.  April 3, 1935.]

ERNEST ANDERSON, *Appellant*, v. PAUL O. MANLEY *et al.*, *Respondents.*[1]

*A. P. Wilson,* for appellant.
*Paul O. Manley,* for respondents.

MILLARD, C. J.—This is an action for malicious prosecution, and the only question—are a prosecuting attorney and the surety on his official bond liable in damages for acts done by the prosecuting attorney in the course of his official duty, if such acts are committed with malice and without probable cause?—for decision arises upon a demurrer to the complaint.

The gist of the cause of action alleged in the complaint is as follows:  One Lundgren, a "game protector" in Grays Harbor county, was told by a volunteer informer that a deer was supposed to have been killed on September 9, 1933, and that it was at the home of plaintiff.  Lundgren consulted the deputy prosecuting attorney of Grays Harbor county in the matter of securing a warrant for the search of plain-

[1]Reported in 43 P. (2d) 39.

tiff's premises. Lundgren informed the deputy prosecuting attorney that he had no personal knowledge of the matter. The game protector and the deputy prosecuting attorney made no investigation, but together agreed to obtain a warrant for the search of plaintiff's home. In order to obtain a search warrant, they together prepared an affidavit to which Lundgren subscribed that he had probable cause to believe, and did believe, that plaintiff had in his possession game animals which had been unlawfully taken. On the basis of that affidavit, a justice of the peace issued a warrant for the search of plaintiff's home. Armed with the search warrant, Lundgren searched plaintiff's premises and took therefrom "an old pair of deer horns in the velvet."

The following day, Lundgren subscribed to a criminal complaint before the same justice of the peace who had issued the search warrant, charging plaintiff with the crime of unlawful possession of "one green deer skin or hide . . ." and of unlawful possession of "the horns of a deer in the velvet." At the hearing in the justice's court, a motion of plaintiff for suppression of the evidence on the ground that same had been unlawfully seized was denied. On the trial of the cause to a jury, plaintiff was acquitted. Thereafter, plaintiff brought this action against the prosecuting attorney and his surety. A demurrer to the complaint was sustained and judgment of dismissal entered. Plaintiff appeals.

Counsel for appellant argues that the prosecuting attorney knew there was not probable cause for issuance of the search warrant, and that he advised the justice of the peace to overrule the motion to suppress evidence which the prosecuting attorney knew had been unlawfully seized; therefore, respondents should be required to respond in damages.

The institution of the prosecution was an official act manifestly not beyond the authority of the prosecuting attorney. Conceding for the sake of the argument that the prosecuting attorney did not act in good faith and that he proceeded without any reasonable or probable cause, the prosecuting attorney is not liable therefor. There is little authority contrary to the rule that a prosecuting attorney is not liable for instituting prosecution, though he acted with malice and without probable cause, provided the matters acted on are among those generally committed by law to the control or supervision of the office and are not manifestly beyond the authority of the office. That the prosecuting attorney was acting in the scope of his official duties, is admitted; it is upon that theory that the action was brought.

In *Watts v. Gerking*, 111 Ore. 641, 222 Pac. 318, 228 Pac. 135, 34 A. L. R. 1489, it was held that a prosecuting attorney is not liable for malicious prosecution of a criminal action where the determination of the question whether or not to prosecute is within his official authority. In that case, an action for malicious prosecution was brought against the prosecuting attorney of Umatilla county, Oregon. The plaintiff alleged the institution of the judicial proceedings against Watts, the want of probable cause for the institution of such action, malice, termination of the original proceedings in favor of Watts, and that plaintiff had sustained damages. The circuit court sustained a demurrer to the complaint, and the judgment of dismissal was affirmed on appeal to the supreme court of the state.

Another case in point is that of *Anderson v. Rohrer,* 3 Fed. Supp. 367. That was an action against a certain United States district attorney and others for conspiracy to institute false prosecution against the plain-

tiff. The complaint alleged that the Federal district attorney maliciously procured the finding of a false indictment against the plaintiff, and that there was no evidence to warrant the return thereof by the grand jury. In sustaining a demurrer to the complaint, the court said:

"Plaintiff alleges, however, that such acts were maliciously and corruptly done, which, plaintiff argues, discloses a perversion of that office, which strips the defendant of immunity as a public officer. A complete answer to this contention is found in *Spalding v. Vilas,* 161 U. S. 483, 16 S. Ct. 631, 635, 40 L. Ed. 780, in which the rule is settled that a public officer is not liable for instituting a prosecution, although he acts with malice and without probable cause, provided the matters acted upon are amongst those generally committed by law to the control or supervision of the office in question and are not manifestly or palpably beyond the authority of such office. The pivotal question in that case was whether the action could be maintained 'because of the allegation that what that officer did was done maliciously.' There, as here, the question arose on demurrer to the declaration in a jurisdiction where common-law practice prevails.

"The opinion in *Spalding v. Vilas* reviews many cases holding that official acts, including the institution of prosecutions, not manifestly or palpably beyond the authority of the office, are not actionable even though the officer acted with mala fides, or with actual malice, or without any reasonable or probable cause, or with knowledge of the falsity of his acts. The opinion concludes with this sentence which is controlling upon the demurrer now before the court: 'If we were to hold that the demurrer admitted, for the purposes of the trial, that the defendant [officer] acted maliciously, that could not change the law.' See, also, *Yaselli v. Goff* (C. C. A.) 12 F. (2d) 396, 56 A. L. R. 1239; *Mellon v. Brewer,* 57 App. D. C. 126, 18 F. (2d) 168, 53 A. L. R. 1519; *United States ex rel. Dizazzo v. Phelps* (C. C. A.) 40 F. (2d) 500; *Catlett v. Chestnut* (Fla.) 146 So. 547 (on demurrer to declaration); *Semmes v.*

*Collins*, 120 Miss. 265, 82 So. 145, 146; *Mundy v. Mc-Donald*, 216 Mich. 444, 185 N. W. 877, 880, 20 A. L. R. 398; 18 C. J. 1318.''

While it is true that a prosecuting attorney acting in a matter which is clearly outside of the duties of his office is personally liable to one injured by his acts, a prosecuting attorney, as stated above, is not liable for instituting prosecution, although he acted with malice and without probable cause, if the matters acted on are among those generally committed by the law to the control or supervision of the office and are not palpably beyond authority of the office. The doctrine of exemption of judicial and quasi-judicial officers—the prosecuting attorney comes within the second classification—is founded upon a sound public policy, not for the protection of the officers, but for the protection of the public and to insure active and independent action of the officers charged with the prosecution of crime, for the protection of life and property. See *Kittler v. Kelsch*, 56 N. D. 227, 216 N. W. 898, 56 A. L. R. 1217. As aptly stated by the court in *Yaselli v. Goff*, 12 Fed. (2d) 396, 56 A. L. R. 1239, respecting the immunity of prosecuting officers:

''He exercises important judicial functions, and is engaged in the enforcement of the law. The reasons for granting immunity to judges, jurors, attorneys, and executive officers of the government apply to a public prosecutor in the performance of the duties which rest upon him. To hold that an attorney of a private client is clothed with absolute privilege, and that a public prosecutor, whose duty it is to enforce the laws of the United States, is not exempt because of what he says and does in the discharge of the duties of his office, is so unreasonable, so contrary to sound public policy, and to the fundamental principles of our jurisprudence, that we cannot accept it. . . . The immunity is absolute, and is grounded on principles of public policy. The public interest requires

that persons occupying such important positions and so closely identified with the judicial departments of the government should speak and act freely and fearlessly in the discharge of their important official functions. They should be no more liable to private suits for what they say and do in the discharge of their duties than are the judges and jurors, to say nothing of the witnesses who testify in a case."

The judgment is affirmed.

MAIN, TOLMAN, BEALS, and GERAGHTY, JJ., concur.