[No. 31838.   Department Two.   October 15, 1951.]

ANDE MITCHELLE, *Appellant,* v. PATRICK M. STEELE
*et al., Respondents.*[1]

*Harry H. Johnston,* for appellant.

*John J. O'Connell, Valen H. Honeywell, Jr.,* and *Norbert F. Knecht,* for respondents.

*Jennings P. Felix, pro se.*

OLSON, J.—This action was brought by appellant to recover damages for malicious prosecution from one Eugene Fiedler, and from Patrick M. Steele, former prosecuting attorney of Pierce county, the surety on his bond, and Jennings P. Felix, one of his deputies.

The defendant Fiedler was the complainant in a criminal proceeding against appellant in a justice court in Pierce county. He has been adjudged in default and is not a party to this appeal.

The trial court sustained the demurrer of the respondents to the amended complaint of appellant.

The material facts alleged by appellant are, in substance: Fiedler maliciously procured the arrest of appellant on a charge of assault in the first degree; appellant was unable to furnish bail and was confined in the Pierce county jail from October 13, 1950, until November 10, 1950; respondent Felix, in his capacity as deputy prosecuting at-

[1]Reported in 236 P. (2d) 349.

torney of the county, then informed appellant that, unless he would consent to confinement in Western State Hospital at Steilacoom for observation and examination, he would be kept in the county jail until the latter part of March, 1951, without a hearing; appellant, coerced by this statement, signed a consent for such examination; Felix further promised appellant that the examination would be made within ten days, and, if appellant should be found mentally normal, the criminal action would be dismissed; appellant was released on his personal recognizance to go to Western State Hospital; no examination was made of him until December 6, 1950, when he was found free from psychosis and discharged; Felix knew that the criminal charge against appellant was untrue, but obtained its dismissal upon a false ground injurious to appellant; respondent Steele gave an official bond as prosecuting attorney, and his failure to protect appellant against the alleged acts of his deputy Felix, and to try the charge against appellant in the manner provided by law, was a breach of his official duty and of the condition of his bond.

■ Appellant's cause of action rests upon acts alleged to have been done by Steele and Felix in their official capacities and in neglect of their official duties.

In *Anderson v. Manley,* 181 Wash. 327, 43 P. (2d) 39 (1935), the question for decision was: Are a prosecuting attorney and the surety on his official bond liable in damages for acts done by the prosecuting attorney in the course of his official duty, if such acts are committed with malice and without probable cause?

Because of the quasi-judicial nature of the office of prosecuting attorney, and the dictates of sound public policy requiring that he be immune from liability for acts done in his official capacity, the court answered the question in the negative. We are in agreement with that conclusion.

The action of the trial court is affirmed.

MALLERY, HILL, HAMLEY, and FINLEY, JJ., concur.