[No. 37969. Department One. January 27, 1966.]

C. W. CREELMAN, *Appellant,* v. ORVILLE SVENNING *et al., Respondents.*\*

*John W. Riley,* for appellant.

\*Reported in 410 P.2d 606.

*The Attorney General, Charles F. Murphy, Dean A. Floyd,* and *Lloyd W. Peterson, Assistants,* for respondent.

*Robert E. Schillberg* and *Robert K. Waitt,* for respondent Snohomish County.

HILL, J.—The question presented is whether there is any liability by the county and the state for a malicious prosecution by a prosecuting attorney.

For a speedy determination of that question, we make two assumptions:  one, that the prosecutor has maliciously and without just cause prosecuted the plaintiff; second, that the position of the prosecutor is such that both the county and the state could be responsible for his tortious conduct.

We wish to make it clear, beyond question, that the first assumption involves a question of fact which has not been determined by any trier of the facts; and the second involves a question of law which must remain open until a determination is required.

We summarize the circumstances culminating in the malicious prosecution action now before the court.  Orville Svenning swore out a complaint against an adjoining landowner, C. W. Creelman, charging him with criminal trespass.  A deputy prosecuting attorney of Snohomish County prepared the complaint and processed it through the usual procedure to secure the arrest of Mr. Creelman, who was released on bail in the sum of $1,000.  When the case was brought to trial, it was dismissed by the justice of the peace.

Mr. Creelman then commenced this malicious prosecution action, joining as defendants Orville Svenning and his wife, Snohomish County, and the State of Washington.  The Svennings, as the instigators of the criminal prosecution against Creelman, were proper parties.  Creelman had filed tort claims against the county and the state, based on the damages alleged to have been sustained as the result of the alleged arbitrary, capricious, and negligent conduct of the prosecuting attorney's office.  These claims were denied, and are the basis of Mr. Creelman's joinder of the county and the state as defendants.

The complaint alleges that the prosecuting attorney's office had information indicating that there was no probable cause for the criminal trespass action and that the slightest investigation would have made that fact apparent.

The plaintiff appeals from the orders dismissing the action against the county and the state. (The action is still pending against the Svennings.)

All parties concede that the prosecuting attorney, acting as he does in a quasi-judicial capacity, is, as a matter of public policy, immune from liability for acts done in his official capacity. See *Mitchelle v. Steele*, 39 Wn.2d 473, 236 P.2d 349 (1951); and *Anderson v. Manley*, 181 Wash. 327, 43 P.2d 39 (1935).

The reason for the individual immunity accorded the prosecuting attorney is well expressed in *Anderson v. Manley, supra* (p. 331):

> While it is true that a prosecuting attorney acting in a matter which is clearly outside of the duties of his office is personally liable to one injured by his acts, a prosecuting attorney, as stated above, is not liable for instituting prosecution, although he acted with malice and without probable cause, if the matters acted on are among those generally committed by the law to the control or supervision of the office and are not palpably beyond authority of the office. The doctrine of exemption of judicial and quasi-judicial officers—the prosecuting attorney comes within the second classification—is founded upon a sound public policy, not for the protection of the officers, but for the protection of the public and to insure active and independent action of the officers charged with the prosecution of crime, for the protection of life and property.

We also, in that case, quoted with approval from *Yaselli v. Goff*, 12 F.2d 396, 56 A.L.R. 1239 (1926), the following:

> "He [a United States attorney] exercises important judicial functions, and is engaged in the enforcement of the law. The reasons for granting immunity to judges, jurors, attorneys, and executive officers of the government apply to a public prosecutor in the performance of the duties which rest upon him. . . . The immunity is absolute, and is grounded on principles of public policy.

The public interest requires that persons occupying such important positions and so closely identified with the judicial departments of the government should speak and act freely and fearlessly in the discharge of their important official functions. They should be no more liable to private suits for what they say and do in the discharge of their duties than are the judges and jurors . . . ."

The plaintiff-appellant urges that, though the individual official may be immune from civil action, the state and the county, in light of the abrogation of sovereign immunity,[1] should not share his immunity.

This contention is bolstered by citing 4 Restatement, Torts § 880, which states that the immunity of one of two or more persons, who would otherwise be liable for a harm, does not bar recovery against the others. This rule, however, applies only in situations where policy reasons dictate that one of the parties be immune—policy reasons which do not operate as to the other.

The public policy which requires immunity for the prosecuting attorney, also requires immunity for both the state and the county for acts of judicial and quasi-judicial officers in the performance of the duties which rest upon them; otherwise, the objectives sought by immunity to the individual officers would be seriously impaired or destroyed. If the prosecutor must weigh the possibilities of precipitating tort litigation involving the county and the state against his action in any criminal case, his freedom and independence in proceeding with criminal prosecutions will be at an end.

The public advantage of free, independent, and untrammeled action by the prosecuting attorney outweighs the disadvantage to the private citizen in the rare instance where he might otherwise have an action against the county and state, either or both.

---

[1]RCW 4.92.090. "The state of Washington, whether acting in its governmental or proprietary capacity, shall be liable for damages arising out of its tortious conduct to the same extent as if it were a private person or corporation."

The judgments dismissing the county and the state are affirmed.

ROSELLINI, C. J., OTT and HALE, JJ., and LANGENBACH, J. Pro. Tem., concur.

