[Nos. 2527–2; 2528–2.   Division Two.   March 11, 1977.]

JOHN E. LOVERIDGE, *Appellant,* v. ROBERT SCHILLBERG, ET AL, *Respondents.*

KENNETH HARRENSTEIN, *Appellant,* v. ROBERT SCHILLBERG, ET AL, *Respondents.*

*Allen Ressler, Richard Emery, Lawrence F. Baker,* and *Baker & Palmer,* for appellants.

*Robert E. Schillberg, Prosecuting Attorney, David T. Patterson, Deputy, Lawrence B. Linville,* and *Clinton, Fleck, Glein & Brown,* for respondents.

REED, J.—Plaintiffs John E. Loveridge and Kenneth Harrenstein, both twice convicted felons and parole violators, filed separate actions against the Prosecuting Attorney for Snohomish County and two of his deputies. Plaintiffs sought a writ of mandamus, an award of damages, and attorney's fees and costs for an alleged failure of defendants to furnish minimum term recommendations to the Board of Prison Terms and Paroles. Plaintiffs claimed they were damaged because the board could not act without such a statement in setting their minimum terms; that as a consequence of board inaction they were not eligible for furlough, work release, or minimum security status. The Superior Court determined defendants were insulated by quasi–judicial immunity and granted their motions to dismiss the damage claims. Plaintiffs appeal. The mandamus

issue is now moot and not before this court. We affirm the trial court's dismissals.

The statutes upon which plaintiffs rely provide as follows:

9.95.030 Facts to be furnished board of prison terms and paroles. After the admission of such convicted person to the penitentiary or reformatory, the *board of prison terms and paroles shall obtain* from the sentencing judge and the prosecuting attorney, a statement of all the facts concerning the convicted person's crime and any other *information of which they may be possessed* relative to him, and the *sentencing judge and the prosecuting attorney shall furnish* the board of prison terms and paroles with such information. The sentencing judge and prosecuting attorney shall indicate to the board of prison terms and paroles, *for its guidance,* what, in their judgment, should be the duration of the convicted person's imprisonment.

(Italics ours.)

9.95.031 Statement of prosecuting attorney. Whenever any person shall be convicted of a crime and who shall be sentenced to imprisonment or confinement in the Washington state penitentiary or the Washington state reformatory, it shall be the duty of the prosecuting attorney who prosecuted such convicted person to make a statement of the facts respecting the crime for which the prisoner was tried and convicted, and include in such statement all information that he can give in regard to the career of the prisoner before the commission of the crime for which he was convicted and sentenced, stating to the best of his knowledge whether the prisoner was industrious and of good character, and all other facts and circumstances that may tend to throw any light upon the question as to whether such prisoner is capable of again becoming a good citizen.

9.95.032 Statement of prosecuting attorney—Delivery of statement. Such statement shall be signed by the prosecuting attorney and approved by the judge by whom the judgment was rendered and shall be delivered to the sheriff, traveling guard or other officer executing the sentence, and a copy of such statement shall be furnished to the defendant or his attorney. Such officer shall

deliver the statement, at the time of the prisoner's commitment, to the superintendent of the institution to which such prisoner shall have been sentenced and committed. The superintendent shall make such statement available for use by the parole board.

We note first, although it would not alter our decision herein, that plaintiffs do not claim defendants acted negligently, willfully, maliciously, or with an intent to injure or damage plaintiffs. In any event, we agree with the Superior Court's determination that the activities encompassed by the statutes are quasi–judicial in nature and defendants are protected from private suits by the absolute immunity afforded to prosecuting attorneys in the performance of their official duties. *See generally Creelman v. Svenning,* 67 Wn.2d 882, 410 P.2d 606 (1966); *Mitchelle v. Steele,* 39 Wn.2d 473, 236 P.2d 349 (1951); *Anderson v. Manley,* 181 Wash. 327, 43 P.2d 39 (1935). Even though it could be argued the acts required of the prosecutor and judge are more ministerial in nature than judicial or discretionary (as those terms are sometimes used in describing various official functions), we consider them to be so much a part of the prosecution process that the public interest demands the protection of immunity. *See* W. Prosser, *Handbook of The Law of Torts* §§ 131, 132 (4th ed. 1971). As in *Imbler v. Pachtman,* 424 U.S. 409, 47 L. Ed. 2d 128, 96 S. Ct. 984 (1976), we think the tasks required of the prosecuting attorney in this instance were fairly within his function as an advocate and

respondent's activities were intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force.

(Footnote omitted.) *Imbler v. Pachtman, supra* at 430.

To sum up, we think the rule in Washington is and should be as broad as that expressed in 63 Am. Jur. 2d *Prosecuting Attorneys* § 34 (1972), as follows at page 361:

The prosecuting attorney is, as a matter of public policy, immune from civil liability for acts done in his official capacity, and this is true even though he has acted wilfully or maliciously, where he has acted in the proper performance and course of his duties. Acting as he does in a judicial or quasi–judicial capacity, he enjoys the same immunity from liability for damages that protects a judge.

(Footnotes omitted.)

■■ A second and equally compelling reason dictates dismissal of plaintiffs' damage claims. Not every breach of a statutory duty gives rise to a private cause of action for damages. 1 C.J.S. *Actions* § 9(b) (1936); Restatement (Second) of Torts §§ 286, 288 (1966). The duty breached must be one owed to the person injured or to a class of which he is a member. *Cf. Routh v. Quinn,* 20 Cal. 2d 488, 127 P.2d 1 (1942); Restatement (Second) of Torts §§ 286, 288 (1966). The neglect or refusal to perform a duty imposed by statute must also result in an injury or damage of the kind the statute was designed to prevent. *Cf. Anderson v. Pantages Theatre Co.,* 114 Wash. 24, 194 P. 813 (1921). Clearly, the legislature was not concerned with civil rights when enacting the statutes here in question and it did not intend by them to provide the state's imprisoned felons with a cause of action for damages whenever the statute is not followed to the letter. The obvious purpose of these provisions was to aid in the administration of government; they merely facilitate communication between the courts and those responsible for probation and parole, *i.e.,* for the "guidance" of the latter, when requested.

It is regrettable the courts of this state have to be burdened with such ill–conceived and vexatious claims[1] as

---

[1]Plaintiffs were represented throughout by personnel from the Institutional Legal Services Project.

these. We affirm the trial court's dismissals.

PETRIE, C.J., and PEARSON, J., concur.