ORDER
ZILLY, District Judge.

BACKGROUND

This matter comes before the Court on defendants’ motion to dismiss, docket no. 29. Defendants, The New England Mutual Life Insurance Co., Copley Real Estate Advisors, Inc. and Copley Advisors, Inc. (collectively “TNE/Copley”) have provided investment advice and services to the Washington State Investment Board (“WSIB”) in connection with a series of real estate investments that are alleged to have substantially declined in value. Am.Comp. ¶¶56, 90-91.
Plaintiffs are public employees who are members of the State Teachers’ Retirement System and the Public Employees’ Retirement System whose funds are held in trust and invested by the WSIB. Am.Comp. at ¶ 1. Plaintiffs seek through four consolidated cases to bring a class action against defendants for breach of fiduciary duty, breach of contract, for an accounting, and for violation of the Washington Consumer Protection Act. Plaintiffs have not sued the WSIB, as trustee, but bring this action solely against the defendants who acted as investment advisors to the WSIB.
Two months after plaintiffs filed this action, WSIB brought a comprehensive action against TNE/Copley in the Washington State Superior Court for Thurston County involving the issues raised in this case together with additional claims. TNE/Copley removed the case to this Court based on diversity jurisdiction, and this Court later remanded the action to the Thurston County court by Order dated October 19, 1993. Washington State Investment Board v. The New England Mutual Life Ins. Co., No. C93-5489Z, docket no. 43, (the “Thurston County litigation”).
Defendants have moved to dismiss the plaintiffs’ action in this case under Fed. R.Civ.P. 12(b)(6) for failure to state a claim. WSIB has filed an amicus brief also arguing for dismissal. Plaintiffs oppose defendants’ motion and seek to have this case remain in federal court. The Court heard oral argument on December 17, 1993 and took the matter under advisement. The Court now GRANTS the motion to dismiss for the reasons set forth in this Order.

ANALYSIS

The basic issue presented by this motion is whether the plaintiffs, as trust beneficiaries, have a direct cause of action against the defendants, as third parties, relating to the trust property, or whether these claims can *348 only be brought by the WSIB, as trustee. The plaintiffs contend that they can sue defendants directly based on the Washington statutory and common law of trusts. Defendants contend that the trustee, WSIB, has now sued the defendants for the same claims and that the plaintiffs have no legal right to bring these claims directly against the defendants. The WSIB also contends, in its ami-cus brief, that plaintiffs have no direct cause of action against these defendants.
For purposes of this motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party. The Court may not grant the motion unless it appears beyond a doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. Usher v. Los Angeles, 828 F.2d 556, 561 (9th Cir.1987); Fed.R.Civ.P. 12(b)(6). This Court, sitting in diversity, must apply the statutory and common law of the state of Washington. Erie R. Co. v. Tompkins, 304 U.S. 64, 71-80, 58 S.Ct. 817, 819-23, 82 L.Ed. 1188, 1190-95 (1938).
It is a fundamental tenet of trust law that it is the trustee of a trust, and not its beneficiaries, who have a cause of action against third parties for wrongdoing concerning trust property. Eagles v. General Electric Co., 5 Wash.2d 20, 104 P.2d 912 (1940), appeal dismissed, 312 U.S. 658, 61 S.Ct. 734, 85 L.Ed. 1106 (1941) (citing 4 Bogert, Trusts & Trustees, 2772, § 954). Beneficiaries may bring a suit against third parties concerning the trust assets only “under special circumstances ... namely, in cases where the trustee is unable or unwilling to sue the third person.” Id.; A. Scott and W. Fratcher, The Law of Trusts § 294 (4th ed. 1989). In the case before the Court, the WSIB, as trustee, has brought suit against the defendants in the Thurston County litigation that encompasses the claims brought here and extends to other funds managed and invested by defendants for the WSIB.
Plaintiffs concede that under common law they normally would be unable to sue the defendants directly. However, plaintiffs allege that the WSIB and its outside lawyers have “a serious conflict of interest with respect to the resolution of this matter and the vindication of the rights of beneficiaries” in that they allegedly were negligent in then-oversight of the investments. Am.Comp. ¶¶ 8-9; 96-103. As a result of the alleged conflict of interest, plaintiffs contend that “members of the WSIB ... have an interest in seeing the matter dropped as quietly as possible” and that WSIB’s past conduct “raises serious concerns about whether the WSIB will be adequately vigilant in protecting and pursuing the interests of the retirement funds’ beneficiaries.” Am.Comp. ¶¶ 8, 97. Plaintiffs contend that, under these special circumstances, plaintiffs, as the trust beneficiaries, may directly sue third parties who have allegedly committed wrongdoings to the trust assets, to enforce the cause of actions which in fact run directly to the trustee.
At common law, if a trustee and a third party jointly participate in collusion in breach of trust, a beneficiary may have the right to sue the third party directly. See Bogert, Trusts & Trustees § 955 (2nd ed. rev. 1982). The Amended Complaint does not allege that WSIB has colluded with defendants, sought to defraud the beneficiaries, or otherwise engaged in activities that would support a direct claim by the beneficiaries against the defendants in this case. Plaintiffs have not sought to sue the WSIB and have not alleged sufficient “unusual circumstances” to support a direct action against the defendants under Washington common law.
Practical considerations also weigh against allowing a direct cause of action by the beneficiaries in this case. WSIB’s suit against defendants in the Thurston County litigation is being prosecuted by the Attorney General of the State of Washington. WSIB’s interactions with the defendants have also brought heightened scrutiny of WSIB’s investments by the Washington State Legislature. . See Washington State Investment Board v. The New England Mutual Life Ins. Co., No. C93-5489Z (October 19, 1993), slip op. at 10-11. Such public and legislative scrutiny protects the trust in this case to a degree absent *349 where a private trustee is involved in negligent or collusive conduct. Cf. In re Penn Central Securities Litigation, 335 F.Supp. 1026, 1040 (E.D.Penn.1971) (disallowing transfer of control of derivative suit litigation, finding that trustees would vigorously and adequately prosecute the claims).[1] In addition, no evidence has been presented to this Court which suggests that the new Attorney General will not vigorously investigate and prosecute the pending Thurston County litigation for the benefit of all trust beneficiaries. Any resolution of that litigation will ultimately have to be approved by the State Attorney General, subject to the scrutiny of the public at large and the beneficiaries in particular.
The relief requested by the trust beneficiaries in this case is equitable in nature. The Court also concludes that the equities do not weigh in favor of finding that the beneficiaries may sue defendants directly under Washington common law. The beneficiaries’ allegations of damages are speculative at best. Even assuming the trust assets have been diminished because of the alleged wrongdoings of the defendants, the plaintiff beneficiaries may lack any real legal stake in the claims or may be unable to demonstrate “injury in fact” in this case.[2] The benefits provided to the beneficiaries under the Washington State Teachers Retirement System and the Public Employees’ Retirement System are governed by Title 41 and will, almost without exception, remain fixed without regard to the investment performance of the funds of a particular system. All of the benefits described by the plaintiffs in their Amended Complaint are fixed by a certain dollar amount, the accumulated contribution of the member, or the past compensation of that member. See RCW 41.32.005 et seq. In fact, the plaintiffs allege that to date their contributions have not been increased nor their benefits decreased. Am.Comp. § 52. Thus, the plaintiffs allege only remote and speculative damages. Based on the likelihood of aggressive litigation against the defendants by the trustee and the extreme uncertainty as to whether any individual beneficiary will suffer a loss of any benefits or other specific damages, the Court concludes that no purpose would be served by permitting the beneficiaries’ action to proceed. The Court concludes that this case does not present the type of “special circumstances” required under the common law of trusts to justify granting beneficiaries the right to sue defendants directly.
Plaintiffs also contend that they may sue defendants directly under RCW 11.100.-130,[3] which provides:
Whenever power or authority to direct or control the acts of a trustee or the investments of a trust is conferred directly or indirectly upon any person other than the designated trustee of the trust, such person shall be deemed to be a fiduciary and shall be liable to the beneficiaries of said trust and to the designated trustee to the same extent as if he were a designated trustee in relation to the exercise or non-exercise of such power or authority.
The plaintiffs read this statute as providing a statutory basis to support their claims against the third-party defendants. However, plaintiffs’ reliance on Washington’s codified trust law is misplaced.
RCW 11.100.130 states that an entity upon whom investment authority is conveyed is to be liable to beneficiaries “to the same extent *350 as if he were a designated trustee.” Nothing in the statute sets forth the extent of such liability or purports to alter the common law of trusts and its traditional principals governing suits against fiduciaries or third parties by beneficiaries. Indeed, plaintiffs argue that RCW 11.100.180 “follows the common law.” Opposition Brief at 13.
“In the absence of an indication from the Legislature that it intended to overrule the common law, new legislation will be presumed to be in line with prior judicial decisions in a field of law.” Glass v. Stahl Specialty Co., 97 Wash.2d 880, 887-88, 652 P.2d 948 (1982). The expansion of fiduciary duties under RCW 11.100.130 to parties other than a designated trustee does not give rise to an independent cause of action by which beneficiaries may seek to enforce that duty. See Loveridge v. Schillberg, 17 Wash.App. 96, 100, 561 P.2d 1107 (1977); In re Washington Public Power Supply System Securities Litigation, 823 F.2d 1349, 1353 (9th Cir.1987).
The Court holds that RCW 11.100.130 does not alter Washington’s common law of trusts with regard to the right of beneficiaries to sue third parties directly for breach of fiduciary duties.
Plaintiffs argue that whatever the Court’s determination with regard to their other claims, they have “an absolute right to seek an accounting.” Opposition Brief at 23. Plaintiffs are mistaken. Trustees are under a traditional duty to account to trust beneficiaries, and a court may order an accounting at any time, where equity demands. Bogert, Trusts & Trustees, § 963 (2nd ed. rev. 1983). This common law cause of action has been codified at RCW 11.106.040, which provides that a court “may” require an accounting. RCW 11.106.040. Under both common law and Washington statutory law, the decision whether to require an accounting lies within a court’s discretion. Once again, plaintiffs do not seek an accounting from the trustee, WSIB. Rather, plaintiffs seek an accounting from defendants. For the reasons set forth above, the Court holds that plaintiffs may not proceed with an independent cause of action for an accounting in this Court.

CONCLUSION

The Court GRANTS defendants’ motion to dismiss, with prejudice. The Clerk of the Court is directed to enter judgment of dismissal in favor of defendants.
IT IS SO ORDERED.
The Clerk of this Court is directed to send uncertified copies of this Order to all counsel of record.

. The Court notes that plaintiffs do not seek to bring this action based on derivative theories. Plaintiffs' Memo in Opp. at 20.

. There is a serious question presented as to whether or not plaintiffs have standing to bring this action. See Snake River Farmers’ Assn. v. Dept. of Labor, 9 F.3d 792 (9th Cir.1993). Because the Court concludes that plaintiffs have no direct claim against the defendants at common law, the Court does not reach the standing question. The Court recognizes, however, that if a beneficiary suit were appropriate under the circumstances of this case, an action for breach of trust might be maintained against a trustee even where there is no actual loss to the trust. Restated Trusts § 205; Cf. Amalgamated Clothing & Textile Workers Union v. Murdock, 861 F.2d 1406, 1412 (9th Cir.1988).

.Defendants argued in their briefs that RCW Title 11 does not apply to them. The Court need not decide issues regarding applicability and interaction of Titles 11, 41 and 43 at this time. The Court assumes for purposes of this motion only that Title 11 applies to defendants.