**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 27 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QUANAH M. SPENCER, | No. 19-36054 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00100-RMP |
| v. | |
| CITY OF SPOKANE, a municipal corporation in and for the State of Washington; GREGORY PAUL LEBSOCK, in his individual and official capacities; SPOKANE COUNTY, a municipal corporation and political subdivision of the State of Washington; CASEY A. EVANS, in his individual and official capacities, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted November 19, 2020
Seattle, Washington

Before: GOULD and FRIEDLAND, Circuit Judges, and OTAKE,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jill Otake, United States District Judge for the District of Hawaii, sitting by designation.

1

Plaintiff Quanah Spencer appeals the district court's order granting summary judgment to Defendants Spokane Police Department Detective Gregory Paul Lebsock and the City of Spokane ("the City") and judgment on the pleadings to Defendants Deputy Prosecuting Attorney Casey Evans and the County of Spokane ("the County"). We affirm.

In 2017, Spencer faxed to his employer a forged court order that purportedly reversed a previous order to garnish Spencer's wages to satisfy an attorney's fees judgment against him. After weeks of investigating the transmittal of the forged document, Lebsock summarized his findings in an affidavit that requested a warrant for Spencer's arrest. Evans presented the warrant application to the magistrate judge, which included both Lebsock's affidavit and his own certificate of good cause. Spencer was arrested and charged with forgery, but the charge was dismissed about a month later. Lebsock's continued investigation revealed that Spencer's attorney had instead manufactured the order; the attorney was prosecuted and eventually pleaded guilty.

Spencer sued Lebsock and Evans under 42 U.S.C. § 1983 and various state laws. He raised a Fourth Amendment claim that his arrest was without probable cause and a Fourteenth Amendment claim that Lebsock and Evans selectively enforced and prosecuted the law against him because of his Native American race. Spencer also sued the City and County—Lebsock and Evans's respective

employers—alleging that either a municipal policy or a failure to train caused these constitutional violations. Finally, Spencer brought a series of state law tort claims based on the same alleged conduct.[1]

1. Parsing out Spencer's arguments against the validity of his arrest reveals two interrelated Fourth Amendment claims: a facial challenge to probable cause and a claim of judicial deception.

Spencer argues that he was arrested without probable cause as to his intent to defraud, an essential element of the crime with which he was charged. Wash. Rev. Code § 9A.60.020. Spencer is correct that "when specific intent is a required element of the offense, the arresting officer must have probable cause for that element." *Gasho v. United States*, 39 F.3d 1420, 1428 (9th Cir. 1994). But such intent can be inferred from circumstantial evidence, including financial motive. *See, e.g.*, *Cameron v. Craig*, 713 F.3d 1012, 1019-20 (9th Cir. 2013); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009) (observing

---

[1] Spencer also argues that the district court erred in not applying the summary judgment standard to the Rule 12(b) and 12(c) motion to dismiss filed by Evans and the County. This argument is unavailing; because his own Complaint referenced the documents attached to their dispositive motion, the district court could consider those documents without converting the motion into a summary judgment motion. *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Spencer's procedural challenge based on timeliness also fails, because Evans and the County's motion was styled under Rule 12(c) as well as under Rule 12(b). *See Morgan v. County of Yolo*, 436 F. Supp. 2d 1152, 1155 (E.D. Cal. 2006).

that "facts showing . . . a motive to commit fraud and opportunity to do so may provide some reasonable inference of intent"). Spencer's clear motive for transmitting the forged order—relieving himself of wage garnishment—supplied the requisite probable cause as to intent.

Spencer further alleges that false statements and misleading omissions in Lebsock's affidavit and Evans's certificate deceived the magistrate judge into believing there was probable cause for his arrest. To maintain such a "claim for judicial deception, a plaintiff must show that the officer who applied for the arrest warrant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause." *Smith v. Almada*, 640 F.3d 931, 937 (9th Cir. 2011) (quotation marks and citation omitted). If probable cause remains after the affidavit is corrected by removing allegedly false statements and adding allegedly omitted information, "no constitutional error has occurred." *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084 (9th Cir. 2011).

Even considering Lebsock's affidavit with the corrections Spencer contends are needed, three undisputed facts remain: (1) Spencer's wages were garnished in a court action; (2) he possessed a forged order purporting to enjoin that garnishment; and (3) he faxed that order to his employer using a payment method belonging to him. These facts, with the financial motive they imply, establish probable cause independent of any alleged misstatements or omissions by Lebsock. And Evans's

4

certificate could not have contributed to any judicial deception because it did not purport to establish probable cause; its facts were drawn entirely from Lebsock's affidavit. Thus, Spencer's Fourth Amendment claims against Lebsock and Evans fail.

2. Spencer's selective enforcement and selective prosecution claims[2] identify his lawyer, who is not Native American, as the similarly situated individual who was not prosecuted. But it was Spencer who faxed the forged order that led to Lebsock's investigation, and it was Spencer who stood to financially benefit from that act. Because Spencer's proposed control group is not "similarly situated in all respects . . . except for the attribute on which the selective enforcement claim rests," these claims fail at the first step. *Am.-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1063 (9th Cir. 1995).

3. Spencer's municipal liability claims against the City and County have no foundation, as neither Lebsock nor Evans violated his constitutional rights. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam).

4. Under Washington law, Evans enjoys absolute immunity for acts performed in his official capacity, an immunity that is extended to the County.

---

[2] Spencer raises three other Fourteenth Amendment claims: due process, denial of protective services, and malicious prosecution. Because Spencer did not preserve these claims in the district court, we do not consider them here. *Tibble v. Edison Int'l*, 843 F.3d 1187, 1193 (9th Cir. 2016) (en banc).

*Creelman v. Svenning*, 410 P.2d 606, 607-08 (Wash. 1966). Thus, Spencer's state law claims are cognizable against Lebsock only. Because there was probable cause to arrest Spencer—and, indeed, to continue prosecuting him until the charge was dismissed—his state law false arrest, false imprisonment, and malicious prosecution claims all fail. *Hanson v. City of Snohomish*, 852 P.2d 295, 297, 301 (Wash. 1993). His abuse of process claim requires "an act in the use of legal process not proper in the regular prosecution of the proceedings," which is not present here. *State v. Hyder*, 244 P.3d 454, 462-63 (Wash. Ct. App. 2011). Spencer's remaining state law claims are forfeited on appeal because he did not make arguments or cite authority in support of those claims. *See United States v. Cazares*, 788 F.3d 956, 983 (9th Cir. 2015); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

5. Finally, the district court did not abuse its discretion in denying Spencer's motion to continue under Federal Rule of Civil Procedure 56(d) because none of the further discovery he sought would have precluded summary judgment for Lebsock or the City. *See SEC v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018).

**AFFIRMED.**