# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| FISHERIES ENGINEERS, INC., a Washington corporation; PAUL TAPPEL, an individual and professional engineer, | No. 56285-5-II |
| Respondents, | |
| v. | |
| THE STATE OF WASHINGTON GOVERNOR JAY INSLEE, in his official capacity; ATTORNEY GENERAL BOB FERGUSON, in his official capacity; and BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS & LAND SURVEYORS, an agency of the State of Washington, | UNPUBLISHED OPINION |
| Appellants. | |

VELJACIC, J. — Fisheries Engineers, Inc. and Paul Tappel (collectively Tappel) filed a complaint with the Board of Registration for Professional Engineers and Land Surveyors objecting to use of the title "Forest Practice Engineer" by an employee of the Washington State Department of Natural Resources who was not a licensed engineer. The Board found no violations and did not pursue the complaint further.

Tappel sought injunctive and declaratory relief under the Administrative Procedures Act (APA)[1] and the Uniform Declaratory Judgment Act (UDJA)[2] challenging the Board's refusal to enforce the licensing statute. The Thurston County Superior Court granted relief and enjoined the

---

[1] Ch. 34.05 RCW.

[2] Ch. 7.24 RCW.

State from using the professional job title and description of "Engineer" for its employees who are not licensed engineers. The State of Washington, Governor Jay Inslee, Attorney General Bob Ferguson, and the Board (collectively the Board) seek review of the trial court's order granting Tappel's motion for summary judgment and denying the Board's motion for summary judgment. Amici[3] argue that the State's practice of allowing unqualified individuals to use the title "Engineer" undermines the integrity of the licensing regime, thereby delegitimizing the profession and endangering the public interest, which the Professional Engineers' Registration Act (PERA)[4] attempts to protect by imposing rigorous qualification requirements.

We hold that Tappel does not have standing to bring this action because he fails to show he has suffered an injury in fact. We reverse and remand for the trial court to enter judgment of dismissal in the Board's favor.

FACTS

This is the second appeal of this matter. Paul Tappel is a professional engineer, licensed to practice in Washington. He is also the owner of Fisheries Engineers, Inc. Fisheries Engineers creates designs for fisheries improvement projects, such as fish passage, fish hatcheries, salmon rearing ponds, and other similar projects. Tappel filed a complaint with the Board regarding a State employee who used the title "Forest Practices Engineer," even though the employee was not registered as a licensed professional engineer. Clerk's Papers (CP) at 43. The Board sent Tappel a letter dismissing his complaint, and stated it would only pursue investigations when an

---

[3] We received amicus briefing from the Washington Society of Professional Engineers, National Society of Professional Engineers, and American Council of Engineering Companies.

[4] Ch. 18.43 RCW.

unregistered person was using the titles "professional engineer," "structural engineer," or "professional land surveyor." CP at 57. The letter also noted:

> The filing of a complaint does not bind or compel this Board to open an investigation or file charges following a completed investigation. State law . . . vests the Board with the sole and final authority to decide if and how to handle any given complaint. Any Board or committee decision on a complaint is the result of their thorough review of all materials provided to and/or collected by Board staff. Because these decisions are only reached through careful and balanced evaluation, these decisions are considered final and are not subject to appeal to the Board.

CP at 57.

Tappel subsequently filed a lawsuit against the Board, seeking a declaration under the APA and UDJA, that the PERA prohibited any person who was not a licensed professional engineer from using the title "Engineer." CP (July 22, 2019) at 9. Tappel based his claim on RCW 18.43.010, which requires that all persons who practice engineering be qualified and registered as a professional engineer and prohibits an unregistered person from using "any title or description tending to convey the impression that he or she is a professional engineer."

Tappel filed a motion for summary judgment, requesting that the trial court grant his request for injunctive and declaratory relief because the plain language of PERA states that use of the title "Engineer" tends to convey the impression that the person using the title is a licensed professional engineer. The Board subsequently filed a motion to dismiss on the pleadings under CR 12(c) on multiple grounds, including lack of standing.

In ruling on the motions, the trial court bypassed the threshold issue of standing and other procedural issues and directly addressed the statutory construction issue. The court granted summary judgment in the State's favor on the merits and dismissed Tappel's petition.

Tappel appealed the trial court's summary judgment order to this court. *Fisheries Engineers, Inc. v. State*, No. 53614-5-II (Wash. Ct. App., Nov. 10, 2020) (unpublished), https://www.courts.wa.gov/opinions/. In that appeal, this court decided that it would not address standing for the first time on appeal, and remanded the case back to the trial court to determine whether Tappel had standing to bring the lawsuit. *Id*. slip op. at 6-7. This court reasoned that "[w]hether Tappel has standing may depend on factual issues, particularly with regard to the 'injury in fact' requirement. The trial court is in a better position to resolve these issues." *Id*.

On remand, the trial court concluded Tappel had standing and granted summary judgment in his favor. The court also concluded that the Board was not immune from suit, and that the plain language of RCW 18.43.010 prohibits the use of the title "Engineer" when it is "used by someone who engages in the practice of engineering (as it is defined under RCW 18.43.020(8)(a))" or used by someone "who works within an agency, organization, or business that engages in or offers engineering services if that person is not a registered professional engineer" because "the title necessarily tends to convey the impression of licensure, which is prohibited under [PERA]." CP at 761. The court then enjoined the State from allowing its employees to use the title "Engineer" in a manner that violates PERA's requirements.

The Board appeals, seeking review of the trial court's order granting Tappel's motion for summary judgment, denying the Board's motion for summary judgment, entering declaratory judgment in Tappel's favor, and enjoining the State from using the title "Engineer" to describe those who are not licensed engineers under the statute.

ANALYSIS

I.    STANDARD OF REVIEW

We review summary judgment orders de novo, engaging in the same inquiry as the trial court. *Hill & Stout, PLLC v. Mut. of Enumclaw Ins. Co.*, 200 Wn.2d 208, 217, 515 P.3d 525 (2022). Summary judgment is proper if, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Id*. A genuine issue of material fact exists if reasonable minds could differ regarding the facts controlling the outcome of the litigation. *Janaszak v. State*, 173 Wn. App. 703, 711, 297 P.3d 723 (2013). The party opposing summary judgment "'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Woods View II, LLC v. Kitsap County*, 188 Wn. App. 1, 18, 352 P.3d 807 (2015) (quoting CR 56(e)).[5]

II.    BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS

The Uniform Regulation of Business and Professions Act (URBP), chapter 18.235 RCW, authorizes the Department of Licensing and assorted boards to regulate their respective professions and discipline individuals and businesses who violate the law. *See* RCW 18.235.005; RCW 18.235.020. The URBP authorizes the disciplinary authorities to investigate and discipline individuals and businesses that engage in "unprofessional conduct," which includes "engaging in [the] unlicensed practice" of a profession regulated under the chapter. RCW 18.235.130(15) (definition of "unprofessional conduct," which includes unlicensed practice); RCW 18.235.150(1)

---

[5] Because we hold that Tappel lacks standing, we need not review the trial court's grant of declaratory and injunctive relief.

(investigative authority), RCW 18.235.150(2) (sanction authority); RCW 18.235.110 (sanction authority).

PERA contains regulatory provisions regarding engineers in chapter 18.43 RCW. RCW 18.43.010 states:

> In order to safeguard life, health, and property, and to promote the public welfare, any person in either public or private capacity practicing or offering to practice engineering or land surveying, shall hereafter be required to submit evidence that he or she is qualified so to practice and shall be registered as hereinafter provided; and it shall be unlawful for any person to practice or to offer to practice in this state, engineering or land surveying, as defined in the provisions of this chapter, or to use in connection with his or her name or otherwise assume, use, or advertise any title or description tending to convey the impression that he or she is a professional engineer or a land surveyor, unless such a person has been duly registered under the provisions of this chapter.

To that end, the Board administers a test of minimum competency and reviews and approves or denies the registration applications of potential professional engineers. RCW 18.43.040. The Board also has the authority to discipline members of the profession for unprofessional conduct and other violations of PERA. RCW 18.43.105, .110.

III.     TAPPEL LACKS STANDING

Tappel sought declaratory relief "against the Board and Attorney General's Office, to invalidate their unlawful enforcement policy and interpretation of the Act," and injunctive relief "against the State of Washington, enjoining the State from unlawfully using the 'Engineer' title for its unlicensed employees." CP at 367, 371. He suggests that both types of relief could be afforded under either the APA, the UDJA, or both. We hold that Tappel lacks standing because he fails to demonstrate an injury in fact.[6]

---

[6] The State notes that there may be other procedural bars to Tappel's claims and requests for relief, but because we conclude Tappel lack standing, we need not address these arguments.

A.       Legal Principles

Standing is reviewed de novo. *City of Burlington v. Liquor Control Bd.*, 187 Wn. App. 853, 861, 351 P.3d 875 (2015). Under the APA, a person has standing to obtain judicial review of an agency action if that person is aggrieved or adversely affected by the agency action. RCW 34.05.530. A person is aggrieved or adversely affected only when three conditions are present:

> (1) The agency action has prejudiced or is likely to prejudice that person;
> (2) That person's asserted interests are among those that the agency was required to consider when it engaged in the agency action challenged; and
> (3) A judgment in favor of that person would substantially eliminate or redress the prejudice to that person caused or likely to be caused by the agency action.

RCW 34.05.530.

The first and third prongs are the "injury-in-fact" requirements, and the second prong is the "zone of interest" requirement. *Allan v. Univ. of Wash.*, 140 Wn.2d 323, 327, 997 P.2d 360 (2000). All three requirements must be established for a person to have standing under the APA. *Id*. at 326. The person or entity challenging the agency action has the burden to prove standing. *KS Tacoma Holdings, LLC v. Shorelines Hr'gs Bd.*, 166 Wn. App. 117, 127, 272 P.3d 876 (2012).

The test for determining standing under the UDJA also contains an injury in fact and zone of interest requirement. The UDJA applies a two-part test to determine whether a party has standing to bring a suit: first, the court inquires whether the interests asserted by the plaintiff are within the "zone of interests" protected by the statute; second, the party bringing the suit must have "suffered from an injury in fact, economic or otherwise." *Branson v. Port of Seattle*, 152 Wn.2d 862, 875-76, 101 P.3d 67 (2004). "Both tests must be met by the party seeking standing." *Id*. at 876.

Therefore, in order to have standing to bring this action under either the APA or UDJA, Tappel must satisfy both requirements: his asserted interest must be within the zone of interests protected by the statute or contemplated by the agency, and he must have suffered or be likely to suffer an injury in fact that is redressable by the remedy sought.

B.     Tappel has Not Demonstrated an Injury in Fact or Redressability Sufficient to Confer Standing

Tappel asserts that his "right to bear this earned professional title is intrinsically diminished when unlicensed individuals are permitted to hold themselves out with the same title," and that by "failing to properly enforce the Act against violators who misappropriate the Engineer title, [the Board] ha[s] deprived [Tappel] of the privileges and competitive advantage that [his] professional title confer[s]." Br. of Resp't at 36-37. We disagree.

To show an injury in fact, Tappel must demonstrate that he has been or will be "'specifically and perceptibly harmed'" by the Board's action. *Freedom Found. v. Bethel Sch. Dist.*, 14 Wn. App. 2d 75, 86, 469 P.3d 364 (2020) (internal quotation marks omitted) (quoting *Patterson v. Segale*, 171 Wn. App. 251, 259, 289 P.3d 657 (2012)). However,"[w]hen a person alleges a threatened injury, as opposed to an existing injury, the person must demonstrate an 'immediate, concrete, and specific injury to him or herself.'" *Segale*, 171 Wn. App. at 259 (quoting *Trepanier v. City of Everett*, 64 Wn. App. 380, 383, 824 P.2d 524 (1992)). Conjectural or hypothetical injuries are insufficient to confer standing. *Freedom Found.*, 14 Wn. App. 2d at 86. Thus, Tappel is required to show an invasion of a legally protected interest to establish an injury in fact. *Id.*

While an injury must be concrete and specific, the injury in fact test is not meant to be a demanding requirement. The court in *City of Burlington* described the requirement as "'merely a *de minimis* rule: . . . a judicial appraisal of the *extent* of harm is not contemplated. . . . Thus, a

person should be able to meet this condition if he or she can show that the potential injury is real, not that it is substantial, . . . an identifiable trifle should be sufficient.'" 187 Wn. App. at 869 (internal quotation marks omitted) (quoting Williams R. Anderson, *The 1988 Washington Administrative Procedure Act—An Introduction*, 64 Wash. L. Rev.781, 824 (Oct. 1989)).

If an economic injury is not immediate, the injury in fact requirement can still be satisfied. In *Seattle Building and Construction Trade Council v. Apprenticeship and Training Council*, a union apprenticeship group sought judicial review of a decision by the state apprenticeship council to approve an apprenticeship training program, and the court considered whether the union appellants had standing to seek review of a decision of the council in regard to the apprenticeship program. 129 Wn.2d 787, 793, 920 P.2d 581 (1996). The court decided that the injury in fact element was present because the Council decision altered competitive conditions. *Id*. at 797. The court reasoned that approval of the construction industry training council's programs were "likely to affect job opportunities" and the governing statute gave "a competitive advantage to Apprenticeship Council approved apprenticeship programs," because employers of apprentices in those programs could submit bids reflecting lower wages under the statute, which thereby altered competitive conditions. *Id*. at 797. The court concluded that, although no injury had yet been suffered by the appellants, "probable economic injury resulting from agency actions that alter competitive conditions [is] sufficient to satisfy the injury in fact requirement." *Id*. at 795.

Tappel argues that he suffered "actual, substantial harm due to the inaction of the Board and Attorney General, and the actions of the State's agencies, in violating the engineering licensing statute." Br. of Resp't at 36. According to Tappel, failure to properly enforce PERA, has "deprived [him] of the privileges and competitive advantage that [his] professional title confer[s], and unfairly placed [him] on even footing with unlicensed and unqualified individuals." Br. of

9

Resp't at 37.  In support of this notion, Tappel references the principle from *Seattle Building and Construction Trade Council* that "probable economic injury resulting from agency actions that alter competitive conditions are sufficient to satisfy the injury in fact requirement."  129 Wn.2d at 795.  But here we have a failure of proof.  Tappel has provided no evidence of how he was deprived of the privileges and competitive advantage that his title confers, or how he was placed on even footing with unlicensed and unqualified individuals.  Tappel's specific complaint to the Board was that the Department of Natural Resources uses the title "Forest Practices Engineer" in a job title for someone who was not certified as a professional engineer, but he offers no explanation of how Department forest practices engineers would compete with him in the marketplace.  Instead, he offers only a conclusory statement that he is deprived of his competitive advantage.  Conclusory statements are insufficient to support summary judgment.  *See Overton v. Consol. Ins. Co.*, 145 Wn.2d 417, 430, 38 P.3d 322 (2002).

Tappel also argues that *Day v. Inland Empire Optical, Inc.*, 76 Wn.2d 407, 456 P.2d 1011 (1969), controls on the standing question.  But *Day* cannot be read to provide standing to Tappel here because *Day* recognized a licensed ophthalmologist's standing to sue competitors to ensure a level playing field.  76 Wn.2d at 416-17.  Tappel is suing the Board and the Attorney General, not a competitor.  *Day* does not stand for the proposition that a professional can sue the Board for its interpretation of statutes that regulate a profession and resulting decision not to act on a complaint.  Accordingly, Tappel's reliance on *Day* is misplaced.

In his statement of additional authorities, filed with this court on December 1, 2022, Tappel refers us to *Washington State Housing Finance Commission v. National Homebuyers Fund, Inc.*, 193 Wn.2d 704, 445 P.3d 533 (2019), but that case is unhelpful for Tappel.  In it, Washington State Housing Finance Commission (the Commission) brought a declaratory judgment action

10

challenging the authority of a California nonprofit to provide down payment assistance to Washington residents in conjunction with federally insured mortgages, and sought to enjoin it from any further provision of homeownership financing services in Washington. *Id*. at 705.

The Commission provided evidence that funds were diverted from the Commission, resulting in economic loss and allowing for an inference of actual injury. *Id*. at 717. In addition, the Commission demonstrated that the conduct of the California nonprofit was unauthorized competition, and had confused the Commission's constituency. *Id*. at 17-18. The court wrote:

> In an open market, responding to disruptions and confusion caused by competitors is part and parcel of doing business. There is no actionable injury because there is no interest against competition. Here, on the other hand, the Commission asserts an interest as an authorized participant in a restricted area in being free from unauthorized competition. And confusion caused by an unauthorized actor is an injury related to that interest.

*Id*.

Tappel's conclusory assertion of harm stands in stark relief. Tappel presents no proof that he suffered an economic loss as a result of the Board's actions, or that there has been any confusion among his constituency by an unauthorized actor. He does not establish that forest practices engineers who work for the Department of Natural Resources serve the same constituency that he does. And again, Tappel has not sued competitors; he has sued the Board, the Attorney General, and the State because he disagrees with their application of PERA. The *Housing Finance Commission* case does not support Tappel's standing argument.

Tappel fails to demonstrate he has sustained an injury in fact. Accordingly, we need not further address the redressability or zone of interest standing factors. We hold that Tappel has not met the injury in fact requirement to establish standing.

11

CONCLUSION

The trial court erred in granting summary judgment. We reverse and remand for the trial court to enter judgment of dismissal in favor of the Board and other defendants.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Maxa, J.

_____
Glasgow, C.J.